UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HENRY HARDEN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:17-cv-00141-SEB-MPB |
| | ) |
| DAVID SHULKIN, SECRETARY, | ) |
| DEPARTMENT OF VETERANS | ) |
| AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENANT'S MOTION TO TRANSFER**

Plaintiff Henry Harden, Jr., brought this action against Defendant, David Shulkin, Secretary of the United States Department of Veterans Affairs, in his official capacity, alleging discrimination related to his former employment at the Veterans Affairs Northern Indiana Health Care System "(VA-NIHCS)" in Marion, Indiana. This case is now before us on Defendant's May 25, 2017, Motion to Transfer (Docket No. 15) venue to the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a). Mr. Harden has declined to respond. For the reasons set forth below, the motion is GRANTED.

**APPLICABLE LAW AND STANDARD OF REVIEW**

Section 1404(a) provides that a district court "may transfer any civil action to any other district or division where [the case] might have been brought." 28 U.S.C. § 1404(a). In determining whether to transfer an action under § 1404(a), courts must consider "the convenience of parties and witnesses" and the "interest of justice." *Id*. The purpose of

1

§ 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge F.B.L.-585,* 364 U.S. 19, 26, 27 (1960)).

In considering the convenience prong, courts generally consider the private interests of the parties, which may include: 1) the plaintiff's initial forum selection; 2) the location of events material to the litigation; 3) the parties' ease of access to sources of proof; 4) the availability of processes to facilitate the attendance of unwilling witnesses; and 5) the forum's convenience to the parties, specifically regarding their residence sand their ability to bear the expense of litigation in a given forum. *See, e.g.*, *Atlantic Marine Construction Co., Inc. v. U.S. Dist. Court for Western Distr. of Texas*, 134 S.Ct. 568 574 (2013); *Research Automation v. Schrader-Bridgeport Intern, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

The interest of justice element reflects concern for "efficient administration of the court system," including factors such as "docket congestion and likely speed to trial in the transferor and potential transferee forums," "each court's relative familiarity with the relevant law," "the respective desirability of resolving controversies in each locale," and "the relationship of each community to the controversy." *Id.* This consideration "may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.*

The transfer statute "permits a flexible and individualized analysis" and the decision weighing the factors for and against factors is entrusted to the discretion of the

district court. *Research Automation, Inc.*, 626 F.3d at 977-78. The party seeking transfer must establish, "by reference to particular circumstances, that the transferee forum is clearly more convenient and in the interest of justice." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

## DISCUSSION

As the Secretary correctly notes, venue in this Title VII action is proper in both the Southern (the proposed transferee) and the Northern (the proposed transferor) Districts of Indiana. *See* 42 U.S.C. § 2000e-f(f)(3) (permitting a plaintiff to bring an action "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed."); 28 U.S.C. § 1404(a) (requiring that the transferee district is one "where [the action] might have been brought." 28 U.S.C. § 1404(a). This threshold transfer requirement, therefore, is satisfied.

Given the Secretary's request that this action be transferred to the Northern District of Indiana's Fort Wayne Division, we must determine whether transfer would be convenient to the parties and witnesses and is in the interest of justice. We first address the issue of the proposed forum's convenience to the parties. Regarding the first convenience factor, the Secretary argues that we should not accord a great deal of weight to the fact that Mr. Harden chose to file his Complaint in this district. Brief in Support of Motion to Transfer ("Br.") (Docket No. 16) at 4. While a plaintiff's forum selection typically is accorded some weight, where, as here, the plaintiff did not choose the forum where the events surrounding the litigation took place, that selection is given less weight. *See Von Holdt v. Husky Injection Molding Systems, Ltd*., 887 F.Supp. 185, 1888 (N. D.

3

Ill. 1995); Docket No. 16 at 4. Mr. Harden alleges in his complaint that VA-NIHCA Human Resources, located at 1700 E. 38th Street, Marion, IN, 46953, "[r]efuse[d] to release information related to [his] claim form 7114" which he filed to contest "unfair labor practices" by the Department of Veterans Affairs and its agents. Compl. (Docket No. 1) at 2; Br. at 1. As such, the Secretary correctly notes that the alleged misconduct took place in the Northern District of Indiana, as opposed to this district, and we weigh this factor accordingly.

The Secretary further argues that the second, third, and fifth convenience factors support transfer of venue. We agree. Given the location of the VA-NIHCA in Marion, Indiana, the witnesses and potential evidence relevant to this action are located in the Northern District of Indiana. Br. at 4. Similarly, because the Department of Veterans Affairs operates VA-NIHCS in the Norther District, it would be more convenient to the Secretary to litigate this action there. Additionally, Mr. Harden lives in Anderson, Indiana, which, as the Secretary notes is 81.4 miles from the Fort Wayne Division of the U.S. District Court for the Northern District of Indiana, and 47.2 from the closest courthouse in this district (Indianapolis). Br. at 5. Accordingly, we find that the gain in convenience to the Defendants and witnesses if the case is transferred outweighs any relatively minor loss of convenience to Mr. Harden.

Finally, we find, as the Secretary asserts, that the fourth convenience factor, the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of the witnesses, neither supports nor defeats a decision to transfer venue. Br. at 4. This is so because both the Northern and the Southern Districts

4

of Indiana are equally able to compel witness testimony. *See* Fed. R. Civ. P. 45(c). For these reasons, we agree with the Secretary that the balance of the relevant factors tips in favor of transferring venue to the Northern District of Indiana.

Having addressed the issue of convenience to the parties, we turn to the public interest-related considerations of section 1404(a) by considering whether transfer of venue would be in the "interest of justice." That inquiry includes "such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir. 1989) (citing *Coffey,* 796 F.2d at 221). Relevant to this factor is a comparison of the dockets in this district and the Northern District of Indiana. *See In re National Presto Indus., Inc.,* 347 F.3d 662, 664 (7th Cir. 2003). The Secretary notes that, for the twelve-month period ending December 31, 2016, the Southern District of Indiana ranked fourth in the country in weighted filings, while the Northern District of Indiana ranked 46th. Br. at 6.[1] Further, during this period, judges within this district handled an average of 901 cases, and judges within the Northern District maintained an average caseload of 597. *Id.* Accordingly, because the Northern District of Indiana has a numerically lesser caseload than this district, litigation of the action there likely would provide the litigants with the benefit of a speedy trial. We find, therefore, that the transfer to the Northern District of Indiana is in the interest of justice.

---

[1] The Secretary relied on statistics provided by the U.S. Courts. *See* Br. at 6, n. 1-2.

For the reasons set forth above, we grant the Secretary's Motion to Transfer.

IT IS SO ORDERED.

Date: __7/06/2017__   _____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Rashana N. Fisher
UNITED STATES ATTORNEY'S OFFICE
Rashana.fisher@usdoj.gov

Henry Harden, Jr.
1320 E. Cross Street
Anderson, IN 46012