UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HENRY HARDIN, JR. | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NUMBER: 1:17 CV 288 |
| | ) |
| DAVID SHULKIN, SECRETARY DEPT. OF | ) |
| VETERAN AFFAIRS, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## OPINION AND ORDER

Before the Court is a Motion for Summary Judgment [DE 27] by Defendant, David Shulkin, Secretary Department of Veterans Affairs, ("the Government" or "the VA"). Although the Plaintiff, proceeding *pro se,* was advised of his obligation to respond [DE 29], he did not file a response. For the following reasons, the Government's Motion for Summary Judgment will be GRANTED in part and DENIED in part. Additionally, the Court DISMISSES the Plaintiff's Unfair Labor Practices claim for lack of subject matter jurisdiction.

## PROCEDURAL BACKGROUND

On January 13, 2017, Plaintiff, Henry Harden Jr., ("Harden") filed a Complaint in the Southern District of Indiana claiming "unfair labor practices" by the VA. These allegations alleged that the VA withheld information from him and tampered with the EEO process. (DE 1). Plaintiff also named two additional defendants. Shortly, thereafter, the Plaintiff supplemented his Complaint by adding allegations that he was "challenging loss employment secondary to what I believe was similar to a constructive discharge … when I felt compelled to resign" for intolerable work conditions." (DE 7).

1

On March 1, 2017, the District Court for the Southern District of Indiana dismissed the two additional defendants and later, upon the Government's motion, transferred venue to this Court. The Government now asserts that this Court lacks jurisdiction over the Unfair Labor Practices Claim and, in addition, the constructive discharge claim must be dismissed for failure to exhaust administrative remedies and/or because there are no genuine issues of material fact regarding the claim.

## APPLICABLE STANDARD

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine dispute of material fact exists, the Court must construe all facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

Where as here, a motion for summary judgment is unopposed, the district court may not grant a "motion for summary judgment ... simply because there is no opposition" filed by the nonmovant. *Wienco, Inc. v. Katahn Assocs.*, 965 F.2d 565, 568 (7th Cir. 1992) (quoting *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anomina*, 776 F.2d 1277, 1279 (5th Cir. 1985)). Rather, the "ultimate burden of persuasion remains with [the movant] to show that it is entitled to judgment as a matter of law," *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006),

and a "district court must give its reasons *on the merits* for granting summary judgment," *Wineco*, 965 F.2d at 568 (emphasis added). Where the evidence in support of the motion for summary judgment does not establish the absence of a genuine issue of material fact, summary judgment must be denied "even if no opposing evidentiary matter is presented." *Id.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970)).

Moreover, where the basis for summary judgment is lack of subject matter jurisdiction, the proper vehicle for challenging jurisdiction is via a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1). In that instance, when considering a Rule 12(b)(1) motion asserting lack of subject matter jurisdiction, the Court may consider documents outside the pleadings. "The law is clear that when considering a motion that launches a factual attack against jurisdiction, [t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (alteration in original) (citations and internal quotation marks omitted); *see also Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993). "[T]he district court's ability to consider evidence beyond the pleadings derives from the importance of limiting federal jurisdiction." *Apex Digital, Inc.*, 572 F.3d at 444. "Because such jurisdiction cannot be conferred by consent of the parties, if the facts place the district court on notice that the jurisdictional allegation probably is false, the court is duty-bound to demand proof of its truth." *Id.* (citation and internal quotation marks omitted).

**FACTUAL BACKGROUND**

As set out above, Plaintiff filed his complaint in the Southern District of Indiana claiming "unfair labor practices" by the Department of Veterans Affairs (VA). Specifically, Plaintiff

claimed the VA withheld information and "tampered with the EEO process." Plaintiff later supplemented his Complaint alleging "loss [of] employment secondary to what I believe was similar to a constructive discharge … when I felt compelled to resign" due to intolerable working conditions. [DE 7].

The relevant facts relating to his claims, as set forth in the Government's brief and affidavits are as follows: Plaintiff began his employment with the VA on May 14, 2006 and has been continuously employed with the VA to the present. (Declaration of William T. Overbey,[1] DE 28-1, ¶3) ("Overbey Dec. ¶__"). Plaintiff was initially hired as a WG-2 Food Service Worker making $12.59/hour at the Marion, IN campus of the VANIHCS. (Overbey Dec. ¶4). On November 11, 2007, plaintiff received a promotion to a GS-5 Psychiatric Nursing Assistant making $28,954.00 annually. *Id.* at ¶5. In November, 2014, plaintiff sought and was selected for a GS-5 Nursing Assistant position with the VA Medical Center in Indianapolis, Indiana making $36,011.00 annually. *Id.* at ¶6. On January 23, 2016, plaintiff transferred back to the Marion Campus VANIHCS taking on a position in Food Service as a full-time WG-8 cook. *Id.* at ¶7. Plaintiff made an hourly rate of $22.77 which annualized is roughly $47,500.00. The VA records show continuous employment by plaintiff with the VA since 2006.

At all times when plaintiff was an employee of the Marion Campus VANIHCS, plaintiff was a member of a Collective Bargaining Unit and was represented by AFGE Local 1020 ("the Union"). (Overbey Dec. ¶10). On June 23, 2014, Linda Rademaker, a representative from the Union, made several information requests to the VANIHCS concerning a co-worker complaint about plaintiff on May 28, 2014. The complaint alleged that the plaintiff did not respond properly

---

[1] Overbey is the Human Resource Specialist with Human Resources Management Service for the Veteran Affairs Northern Indiana Health Care System (VANIHCS). He maintains and has personal knowledge of employment and labor relations records for employees for the VANIHCS. (Overbey Dec. ¶¶1-3).

4

during a "Code Orange" incident when a patient became agitated, violent and needed restrained. *Id.* at ¶11.

Rademaker made an additional request for information on July 25, 2014 concerning an VANIHCS investigation of a non-EEO Hostile Work Environment claim previously asserted by the Union on behalf of plaintiff. This claim had been investigated by the VANIHCS with a finding that the facts did not support the hostile work environment claim.

In response to these requests, on July 28, 2014, Overbey sent Rademaker a request asking her to supply a "particularized need" request for the information on July 25, 2014. Rademaker provided a letter of response on July 31, 2014. Overbey then told Rademaker verbally that he would not release the information requested because no recommendations for discipline or counseling against Plaintiff were made and thus, there was no "particularized need" for the information. Thereafter, on September 8, 2014, Rademaker filed a Charge Against an Agency with the Fair Labor Relations Authority, seeking to compel the release of the information.

Two weeks later, the Union and the VANICHS entered into a Memorandum of Understanding wherein the VANICHS agreed that, even if the VA determined that there was no "particularized need" for the information, it was required to give a formal written response under the provisions of 5 U.S.C. §7114(b)(4) of the Fair Labor Relations Act ("FLRA"). The Union and the VANICHS also agreed to participate in training on the proper manner of requesting information and the proper responses required under the FLRA.

**Plaintiff's EEO History**

Rodney Brown ("Brown") is the EEO Manager and ADR Coordinator for the VANICHS and has personal knowledge of EEO activity by employees and employee records. Training records from the VA show that Harden received mandatory training on the EEO process on July

5

15, 1014 and December 3, 2014. (Declaration of Rodney Brown, ¶10; hereafter "Brown Dec. at ___"). That training included information on the requirement that an aggrieved person must contact an EEO counselor within 45 days of an alleged discriminatory act.

On August 7, 2014, Harden filed an EEOC Complaint of Employment Discrimination claiming race and sex discrimination as well as a hostile work environment. (Brown Dec. at ¶3). On October 16, 2014, the EEOC issued its Revised Final Agency Decision ("FAD") finding no reprisal or hostile work environment and mailed a copy of the FAD to Harden and Rademaker. (*Id.*) The FAD informed Harden that a complaint of discrimination should be brought to the attention of the EEO Counselor within forty-five (45) days of the date of the discriminatory act.

On November 6, 2015, Harden contacted an EEO Counselor alleging race and sex discrimination and hostile work environment. (Brown Dec. at ¶4). He claims his November 28, 2014 transfer from a Nursing Assistant from the Marion Campus of the VANIHCS to the position of Nursing Assistant at the VA Medical Center in Indianapolis was forced and constituted a constructive transfer. (*Id.*) The EEO contact with the counselor was opened as a case and counseling closed on December 4, 2015. (*Id.*) Harden received his Notice of Right to File a Discrimination Complaint on January 22, 2016. (*Id.*) That notice instructed him he had to file his Complaint within 15 days of receipt of his notice. Harden did so on January 27, 2016. (*Id.* at ¶5)

On March 7, 2016, the EEOC issued a Notice of Final Agency Decision dismissing Harden's formal Complaint because Harden did not contact the EEO Counselor within 45 days of the alleged constructive transfer. (Brown Dec. at ¶6). Instead, Harden waited nearly a year. Harden then appealed this issue with the EEOC. (*Id.* at ¶7). The EEOC issued its opinion upholding the agency's dismissal. (*Id.* at ¶8; Exh. 6). Plaintiff sought reconsideration of this decision and on October 14, 2016, the EEOC denied his request. (*Id.* at ¶9; Exh. 7).

According to Brown, who reviewed VANICHS records, there are no records of Harden contacting an EEO counselor or filing an EEO complaint claiming constructive discharge or forced resignation because of an alleged hostile work environment. (Brown Dec. at ¶11).

## DISCUSSION

Harden asserts two claims against the Government: an unfair labor practice claim and a constructive discharge claim. The Court shall address each separately.

**Unfair Labor Practices**

With respect to Harden's unfair labor practice claim, the Government asserts that the Court of Appeals has exclusive jurisdiction over this claim and thus, this Court lacks jurisdiction to hear that claim. This is correct.

The Federal Service Labor-Management Relations Statute ("FSLMRS"), 5 U.S.C §7101-7135 (2000), governs relations between federal agency employers and federal employers. The FSLMRS, also known as Title VII of the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 7101 *et seq.*, provides that a labor organization which holds the exclusive right of representing employees is responsible for representing the interests of all employees without discrimination. *See* 5 U.S.C. § 7114(a)(1). Any charge against a labor organization of engaging in an "unfair labor practice" must be presented to, investigated, and adjudicated by the FLRA. *See* 5 U.S.C. § 7118(a)(1).

The Congressional intent behind the CSRA is to "channel the grievances of federal employees to the [FLRA]." *Karahalios v. Def. Language Inst.*, 821 F.2d 1389, 1393 (9th Cir. 1987), *aff'd*, 489 U.S. 527 (1989). The *Karahalios* court held that the CSRA created both an express duty of fair representation and a remedy in the FLRA, thus precluding any parallel right to sue in federal courts. *See id.* at 1392. In affirming the Ninth Circuit, the U.S. Supreme Court

confirmed that placing responsibility to the district courts to review such cases would "seriously undermine what we deem to be the congressional scheme [of the CSRA]." *Karahalios*, 489 U.S. at 536–37.

Here, the Government argues that this Court lacks subject matter jurisdiction in part because Plaintiff's allegations constitute "unfair labor practices" which are preempted by the CSRA. The Government further asserts that the union was required to fully pursue its claim with the FLRA before the Plaintiff could seek judicial relief. Indeed, the FSLMRS provides that "any person aggrieved by any final order of the Authority…may … institute an action for judicial review…" 5 U.S.C. §7123(a). However, that judicial review may only be brought in a "United States court of appeals in the circuit in which the person resides." (*Id.*).

In this case, no final order was issued from the FLRA regarding the unfair practices alleged by the Plaintiff. Rather, on September 28, 2015, the FLRA approved the withdrawal of the Harden's charge against the VA without making any final determination on the merits. (Overbey Dec. ¶16; Exhibit 10). Moreover, even if a final order had issued, the proper forum for review of that final order lies in the Court of Appeals, not the district court. For these reasons, Harden's unfair labor practices claim is DISMISSED for lack of subject matter jurisdiction.[2]

---

[2] Although the Government has styled its motion a Motion for Summary Judgment on this issue, it is better addressed as a Fed.R.Civ.P. 12(b)(1) motion than as a Motion for Summary Judgment. As the leading treatise observes, "[i]n general, courts have ruled that summary judgment is an inappropriate vehicle for raising a question concerning ... subject matter jurisdiction...." 10A Charles Alan Wright et al., Federal Practice and Procedure: Civil § 2713 at 235 & n.45 (3d ed.1998) (hereinafter Federal Practice and Procedure). This makes sense, as a court that lacks subject-matter jurisdiction does not have power to enter any kind of a judgment—summary or otherwise. *See id.* at 239 ("If the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action."). That is why a dismissal for lack of personal or subject-matter jurisdiction is always without prejudice; such a dismissal implies nothing about the merits of the dismissed claims because the court is not empowered to address the merits of the dispute. By contrast, a grant of summary judgment is a ruling on the merits, and thus has preclusive

**Constructive Discharge**

Next, the Government asserts that Harden has failed to set forth material facts demonstrating that he has ever resigned from his position at VANICHS and, even if he did, he has not alleged or shown that he exhausted his administrative remedies prior to filing suit.

Harden's claim that he suffered a constructive discharge based on a hostile work environment falls within the general prohibitions of Title VII. Individuals who have suffered discrimination can seek relief pursuant to the procedures and requirements outlined in Title VII of the Civil Rights Act, which include exhausting administrative remedies prior to bringing suit. 29 U.S.C. § 794a(a)(1). Exhaustion is not a jurisdictional issue, but a condition precedent to bringing a claim under the Act (e.g., *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 864 (7th Cir.1985)) and plaintiffs who have not exhausted their administrative remedies have prematurely brought their claims into the courts.

Here, Harden's claims are governed by the provisions of 29 C.F.R. §1614. Those provisions state that prior to filing an agency complaint with the EEOC, "an aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105. This provision exists to attempt informal resolution of the issue complained of by the aggrieved party.

---

effect. *See EF Operating Corp. v. Am. Bldgs.,* 993 F.2d 1046, 1048–49 (3d Cir. 1993).

Here, the undisputed material facts are that Harden did not contact an EEO counselor within the required time period. He made contact with the counselor on November 6, 2015 – nearly a year after the action that was the subject of his complaint. Given this failure by Harden to abide by the required time frames, the Government's Motion for Summary Judgment on this claim is GRANTED.[3]

## **CONCLUSION**

Based on the foregoing, the Government's Motion for Summary Judgment is DENIED as to Harden's unfair labor practices claim and GRANTED as to his constructive discharge claim. Because this Court is without subject matter jurisdiction to consider the unfair labor practices claim, that claim is DISMISSED. The Clerk may enter judgment in favor of the Defendant.

Entered: This 13th day of March, 2018.

s/ William C. Lee
District Judge

---

[3] Since summary judgment is warranted because Harden failed to exhaust his administrative remedies, this Court need not consider the alternative issue raised by the Government of whether he has set forth material facts supporting his constructive discharge claim.